**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**CITY INSURANCE COMPANY, Defendant/Third Party Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third Party Defendant.**

**No. 90–0797–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

March 8, 1991.

Richard Sherman, Fort Lauderdale, Fla., for plaintiff.

David B. Shelton, Orlando, Fla., for defendant, third party plaintiff.

James Clark, Miami, Fla., for third party defendant.

MEMORANDUM OPINION

ORDER

SPELLMAN, District Judge.

THIS CAUSE comes before the Court pursuant to the Parties' Oral Argument with respect to the dispositive legal issues in the instant case. The undersigned ruled regarding a numbers of matters presented at Oral Argument in open court on February 21, 1991—these oral rulings are incorporated herein. Because of dearth of case

---

law in this area, however, this Court feels compelled to issue a Memorandum Opinion.

### Background

State Farm Mutual Automobile Insurance Company ("Mutual") issued a State Farm Car Policy to Gerard and Michelle Glennon, the owners of the subject automobile in the present action. State Farm Fire & Casualty Company ("Fire") issued a Personal Liability Policy to the Glennons. City Insurance Company ("City") issued a General Liability Policy, a Business Automobile Policy and a Commercial Umbrella Policy to the Continental Companies, which operate the Omni International Hotel. All policies were in effect at the time of the subject accident. Each insurer received a premium for its issued policy or policies.

On May 5, 1988, Brian King and Gerard Glennon were business visitors at the Omni International Hotel (the "Omni" or the "hotel"). Cesar Guillen was employed as a bellman at the hotel. Glennon turned his car over to the hotel for parking. Guillen, while parking Glennon's car, struck King and pinned him between his car and Glennon's car. King suffered a serious injury to his left leg and the amputation of his right leg below the knee.

In November of 1988, King filed a lawsuit in Florida state court against Continental Corporation, Inc., Omni Hotels Management Corporation, Cesar Guillen, Michelle and Gerard Glennon. King alleged that Continental and Omni operated the Omni International Resort in Miami, Florida. He alleged that Guillen was acting within the course and scope of his employment with Continental and Omni when he negligently operated a motor vehicle, owned by the Glennons, so that it collided with King.

City provided a defense to the Continental Companies, Omni and Guillen; Mutual and Fire refused to provide any defense to King's lawsuit. King's lawsuit was settled after negotiations for $1,900,000. City paid the entire settlement claim—$1,100,000 pursuant to the General Liability Policy and $800,000 pursuant to the Commercial Umbrella Policy issued to the Continental Companies. On June 26, 1989, King executed a General Release and Hold Harmless Agreement.

### Discussion

State Farm Mutual ("Mutual") issued an automobile policy to the Glennons. The policy has the following definition of "insured":

When we refer to your car, a newly acquired car or a temporary substitute car, insured means:

1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;

4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and

5. any other person or organization liable for the use of such a car by one of the above insureds. (R.10)

Based on the undisputed facts of this case, Guillen is an insured under the category four of the Mutual policy—he was using the Glennons' car with their consent. Consequently, this Court must consider whether the Automobile Business Exclusion in the Mutual policy precludes coverage in the instant case. The subject exclusion provides:

There is no coverage:

1. While any vehicle insured under this section is:

....

b. being repaired, serviced or used by any person employed or engaged in any way in a car business. (R.11)

....

Car business means a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers. (R.7)

City argues that according to the plain language of the policy, the exclusion applies only when the car is being operated in a business where the purpose is to park vehicles. Since neither Continental nor Guillen operated a business where the *purpose* is to park vehicles, City maintains the exclusion does not apply. City submits that the use of the word "purpose" is sig-

nificant and limits the exclusion to specific businesses not present in the instant action.

City argues for an application of *Rosen v. Godson,* 422 F.2d 1082 (5th Cir.) (applying Florida law), *reh'g denied,* 428 F.2d 827 (1970), to the instant case. In *Rosen,* a hotel parking attendant was attempting to park a hotel guest's car when he ran into the same guest, severely injuring him. Reversing the District Court, the United States Court of Appeals for the Fifth Circuit held that coverage was not precluded under the exclusionary clause in the guest's liability policy which excluded coverage where the vehicle was being used by a person while that person was employed or otherwise engaged in the automobile business. The insurer there argued that the focus of the policy exclusion was on the parking attendant and whether he, not the hotel itself, was in the business of parking cars. The Court rejected the insurer's argument and found coverage, concluding that the automobile business exclusion did not apply—the hotel was found not to be operating an automobile business.

Mutual contends that the *Rosen* case is clearly distinguishable from the case at bar. Mutual argues that in *Rosen,* the Court merely disallowed a car business exclusion in a hotel parking lot where the hotel provided its guests, free of charge, the service of parking their cars. In supporting their argument, Mutual quotes the *Rosen* court:

> The Beach Towers Apartment Hotel was neither in the automobile business nor operating a parking lot within the popularly or commonly undertook meaning of either term. It charged its guests no fee for parking. It parked no cars for the general public.

*Id.* at 1084–85.

Furthermore, Mutual maintains that in the present case, Omni Hotel operates a public garage. It provides valet parking to the public and guests for a fee and, therefore, is engaged to some degree in parking vehicles as part of its business venture. Thus, Mutual concludes that the *Rosen* case is not dispositive of the instant action.

Mutual contends that the aforementioned provisions provide an exclusion for coverage in instances where a vehicle is being used by a person engaged in any way in the car business. Consequently, the exclusion includes not only those individuals and/or entities that operate a car business exclusively or principally, but also those who engage themselves in the "business" of parking cars in any way.

Mutual invites this Court to apply *Transamerica v. State Farm Mutual Automobile Insurance Company,* 492 F.Supp. 283 (D.Nev.1980), to the case at bar. In *Transamerica,* a hotel operated a parking lot that was open to the general public and guests. The Court held that the issue was not whether the hotel was "in the business of parking cars" but rather if the driver of the vehicle was engaged or employed in the car business at the time of the incident. In holding that the driver's activity, not the hotel's activity, should be the focus of the Court's inquiry, the Court stated that the driver "was acting in that capacity, specifically performing valet parking services, at the time of the alleged negligence." *Id.* at 287.

In sum, Mutual argues that the Omni was engaged in the business of parking cars in some way, and that at the time of the accident, Guillen was actively engaged in parking vehicles for his employer. Consequently, the exclusion applies to defeat coverage in the instant case.

This Court finds neither the *Rosen* nor the *Transamerica* case dispositive of the instant action. Rather, this Court would confine both of those cases to their respective facts. The undersigned, however, ratifies much of Mutual's reasoning. In the instant case, the parking lot was open to the public and charged a fee to guests of the hotel and members of the public. Consequently, this Court finds that the Omni was in the automobile business.

In addition, the subject exclusion does not require a business to be either solely or primarily in the automobile business to avail itself of the exclusion. The plain language of the exclusion, when viewed comprehensively, indicates that all that is

required for the exclusion to apply is that the Omni engage, *in any way*, in a car business, not that its sole or primary *purpose* be a car business. The undersigned believes that the facts in the instant case evidence, at the very least, this standard. Consequently, Mutual may invoke the Automobile Business Exclusion in the present case.

Finally, all parties to the instant action agree that in the event that this Court finds that Mutual Automobile Business Exclusion applies to defeat coverage for Mutual, Fire is likewise precluded from coverage under Exclusion Six of its policy. Exclusion Six provides:

We will not provide coverage:

. . . .

6. for a loss caused by your business operations unless underlying insurance listed on the Declarations Page provides coverage of the loss. (R.33).

As a result of this Court's holding with respect to the applicability of the Mutual exclusion, Fire is also freed from any obligation to provide coverage in the instant case. Mutual and Fire must provide this Court with a Final Judgment within ten days of the date of this Order.

DONE AND ORDERED.